IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

OCT 1 5 2010

David J. Bradley, Clerk of Court

| | | |
|---|---|---|
| JUAN ESQUIVEL, ET AL., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. B-10-227 |
| BP COMPANY NORTH AMERICA, INC., ET AL., | § § § | |
| Defendants. | § § | |

| | | |
|---|---|---|
| ALPASITO, INC., ET AL., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. B-10-236 |
| BP COMPANY NORTH AMERICA, INC., ET AL., | § § § | |
| Defendants. | § § | |

| | | |
|---|---|---|
| FELIX C. AGUILAR, ET AL., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. B-10-237 |
| BP COMPANY NORTH AMERICA, INC., ET AL., | § § § | |
| Defendants. | § § | |

### MEMORANDUM AND ORDER

BE IT REMEMBERED, that on October 14, 2010, the Court considered the following motions and pleading in case number 1:10-CV-227 pending in this

1

Court: (1) Defendants' Opposed Motion for Stay of Proceedings and Suspension of All Responsive Pleading and Answer Deadlines Pending Transfer by the Judicial Panel On Multidistrict Litigation by Defendants BP Company North America Inc., BP Corporation North America Inc., BP America Inc., BP Products North America Inc., and BP Exploration & Production Inc., ECF No. 7; (2) Halliburton Energy Services, Inc. and Sperry-Sun Drilling Services, Inc.'s Joinder in BP Defendants' Motion to Stay the Proceedings, ECF No. 8; (3) Plaintiffs' Response to Defendants' Motion to Stay, ECF No. 12; and (4) Plaintiff's Motion to Remand, ECF No. 13. Further, the Court considered the following motions and pleading in case number 1:10-CV-236: (1) Defendant's Motion to Stay Pending Decision on Multidistrict Litigation Transfer by Defendant Cameron International Corporation, ECF No. 9; (2) Halliburton Energy Services, Inc. and Sperry-Sun Drilling Services, Inc.'s Joinder in Defendant Cameron's Motion to Stay the Proceedings, ECF No. 11; and (3) Plaintiff's Motion to Remand, ECF No. 8. Further, the Court considered the following motions and pleading in case number 1:10-CV-237: (1) Defendant's Motion to Stay Pending Decision on Multidistrict Litigation Transfer by Defendant Cameron International Corporation, ECF No. 9; (2) Halliburton Energy Services, Inc. and Sperry-Sun Drilling Services, Inc.'s Joinder in Defendant Cameron's Motion to Stay the Proceedings, ECF No. 11; and (3) Plaintiff's Motion to Remand, ECF No. 8.

I.   **Background**

These actions, like many others, were filed as a result of the explosion and fire that occurred on the Deepwater Horizon drilling rig on April 20, 2010. Each of these cases was filed independently in the Judicial District Courts of Cameron County, Texas, and subsequently removed to this Court.[1] Plaintiffs have named the same corporations as defendants in all three actions.

---

[1] Case number 1:10-CV-227 was removed from the 356th Judicial District Court of Cameron County, Texas, on September 13, 2010. Case number 1:10-CV-236 was removed from the 103rd District Court of Cameron County, Texas, on September 27, 2010, and case number 1:10-CV-237 was removed from the 107th District Court of Cameron County, Texas, on September 27, 2010. The notices of removal can be found as docket entry number one in each case.

Plaintiffs, who aver that they are commercial fishermen, brought suit in the 357th Judicial District Court of Cameron County, Texas, the case before this Court in cause number 1:10-CV-227 ("*Esquivel*"), purportedly asserting causes of action exclusively under Texas law. Notice of Removal, Ex. A, at 11–13, *Esquivel v. BP Co. North America, Inc.*, No. 1:10-CV-227 (S.D. Tex. Sept. 13, 2010), ECF No. 1. Defendants removed case number 1:10-CV-227 on September 13, 2010. Notice of Removal, *Esquivel*, No. 1:10-CV-227, ECF No. 1. Their Notice of Removal asserts that federal jurisdiction exists pursuant to the Oil Pollution Act, 33 U.S.C. §§ 2701 *et seq.*, and/or the Outer Continental Shelf Lands Act, 43 U.S.C. §§ 1331 *et seq.* The same Defendants removed the cases now before this Court as cause numbers 1:10-CV-236 ("*Alpasito*") and 1:10-CV-237 ("*Aguilar*") on September 27, 2010, asserting the same jurisdiction. Notice of Removal, *Alpasito, Inc. v. BP Co. N. Am., Inc.*, No. 1:10-CV-236 (S.D. Tex. Sept. 27, 2010), ECF No. 1; Notice of Removal, *Aguilar v. BP Co. N. Am., Inc.*, No. 1:10-CV-237 (S.D. Tex. Sept. 27, 2010), ECF No. 1. The plaintiffs in those actions also allege that they are commercial fisherman and/or commercial fishing entities; their pleadings are nearly identical to those of the plaintiffs in case number 1:10-CV-227. *Compare* Notice of Removal, Ex. A, *Alpasito*, No. 1:10-CV-236, ECF No. 1; Notice of Removal, Ex. A, *Aguilar*, No. 1:10-CV-237, ECF No. 1 *with* Notice of Removal, Ex. A, *Esquivel*, No. 1:10-CV-227, ECF No. 1.

On September 27, 2010, several of the defendants filed an opposed motion to stay *Esquivel* pending a ruling on a motion to transfer that case by the Judicial Panel on Multidistrict Litigation (JPML). Defs.' Mot. for Stay, No. 1:10-CV-227, ECF No. 7. The remaining defendants moved to join that motion for stay on September 29, 2010. Defs.' Mot. for Joinder, *Esquivel*, No. 1:10-CV-227, ECF No. 8. They represent that they have filed a motion to consolidate *Esquivel* with the JPML in *In re. Oil Spill by the Oil Rig ("Deepwater Horizon") in the Gulf of Mexico, on April 20, 2010*, MDL-2179. *See* Defs.' Mot. for Stay 3, No. 1:10-CV-227, ECF No. 7. According to Defendants, the JPML will likely rule on this motion shortly after November 10, 2010, the next deadline for submitting cases to be considered for transfer. *See* Defs.' Notice of Filing of Limitation Action 2, *Esquivel*, No. 1:10-CV-

227, Sept. 14, 2010, ECF No. 3. Based on a good cause finding, consideration of the motion to stay this action and the briefing schedule were expedited. *See* Ct. Order, *Esquivel*, No. 1:10-CV-227, Sept. 30, 2010, ECF No. 11. Plaintiffs have timely responded, Pls.' Resp., *Esquivel*, No. 1:10-CV-227, Oct. 7, 2010, ECF No. 13, and also filed a motion to remand *Esquivel* to state court. Pls.' Mot. to Remand, No. 1:10-CV-227, Oct. 7, 2010, ECF No. 12. They argue that this Court lacks subject matter jurisdiction over this case because their pleadings expressly limit their claims to state-law causes of action. *See id.*, Ex. C, at 2 ("Plaintiffs are not bringing claims under the Oil Pollution Act of 1990 or Outer Continental Shelf Lands Act thus removal upon that basis would be in bad faith."). They urge the Court not to rule on the pending motion for stay without first ruling on the motion to remand, averring that "[t]his case has no business being in federal court." Pls.' Resp. 4, *Esquivel*, No. 1:10-CV-227, ECF No. 13. According to Plaintiffs, they will be severely prejudiced if they are forced to wait the many months that they presume it will take to receive a ruling on their jurisdictional arguments before the MDL court. *See id.* at 7.

On October 7, 2010, Plaintiffs in case numbers 1:10-CV-236 and 1:10-CV-237 filed motions to remand that are nearly identical to the one filed in case number 1:10-CV-227. *Compare* Pls.' Mot. to Remand, *Alpasito*, No. 1:10-CV-236, ECF No. 8; Pls.' Mot. to Remand, *Aguilar*, No. 1:10-CV-237, ECF No. 8 *with* Pls.' Mot. to Remand, *Esquivel*, No. 1:10-CV-227, ECF No. 12. The next day, Defendants filed motions to stay in case numbers 1:10-CV-236 and 1:10-CV-236 based on the same allegations. *See* Defs.' Mot. for Stay, *Alpasito*, No. 1:10-CV-236, Oct. 8, 2010, ECF No. 9; Defs.' Mot. for Stay, *Aguilar*, No. 1:10-CV-237, Oct. 8, 2010, ECF No. 9. The remaining defendants in each of these cases moved to join the respective motions to stay. *See* Defs.' Mot. for Joinder, *Alpasito*, No. 1:10-CV-236, Oct. 8, 2010, ECF No. 11; Defs.' Mot. for Joinder, *Aguilar*, No. 1:10-CV-237, Oct. 8, 2010, ECF No. 11.

II.   **Consolidation of Motions to Stay**

Federal Rule of Civil Procedure 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may . . . join for hearing or

trial any or all matters at issue in the actions . . . [or] issue any other orders to avoid unnecessary cost or delay." FED. R. CIV. P. 42(a)(1), 42(a)(3) (2010). A court may on its own motion consolidate matters under Rule 42(a). *E.g., Miller v. U.S. Postal Serv.*, 729 F.2d 1033, 1036 (5th Cir. 1984) ("A motion to consolidate is not required; the court may invoke Rule 42(a) *sua sponte.*"); *Am. Home Assur. Co. v. Roxco, Ltd.*, 81 F. Supp. 2d 674, 684 (S.D. Miss. 1999). After reviewing the underlying state pleadings, motions to stay, and motions to remand in case numbers 1:10-CV-227, 1:10-CV-236, and 1:10-CV-236, the Court finds that the motions to stay pending in these cases present common questions of law and that consolidation for hearing and consideration of these motions will avoid unnecessary cost or delay.

### III. Discussion

As Justice Cardozo writing for the Supreme Court explained in *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936), "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *See also, e.g., In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990). In striking this balance when a motion to transfer has been filed before the JPML, district courts generally consider three factors: "(1) the potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Cajun Offshore Charters, LLC v. BP Prods. N. Am., Inc.*, Civ.A. No. 10-1341, 2010 WL 2160292, at *1 (E.D. La. May 25, 2010) (citing *La. Stadium & Exposition Dist. v. Fin. Guar. Ins. Co.*, Civ.A. No. 09-235, 2009 WL 926982, at * 1 (E.D. La. Apr. 2, 2009)).

Motions for stay pending the resolution of a motion to consolidate before the JPML are frequently granted, *Cajan Offshore*, 2010 WL 2160292, at *2, and stays pending a motion to transfer in other cases concerning the April 20, 2010, fire and

explosion on the Deepwater Horizon appear to have been nearly universally granted in this district.[2]

The pendancy of a motion to transfer before the JPML does not deprive the transferor district court of jurisdiction over pretrial matters. *See* J.P.M.L. R. PROC. 1.5; *In re Air Crash Disaster at Paris, France, on Mar. 3, 1974*, 376 F. Supp. 887, 888 (J.P.M.L. 1974). The JPML's guidance concerning the use of stay orders repeatedly stresses that "[a] stay of proceedings concerning questions common to all cases, such as class representation, may be appropriate to preserve the question for the transferee judge and avoid inconsistent rulings." *In re Penn Cent. Sec. Litig.*, 333 F. Supp. 382, 384 n.4 (J.P.M.L. 1971) (citing *In re Plumbing Fixtures Litig.*, 298 F. Supp. 484 (J.P.M.L. 1968)) (contrasting situation in which stay may be appropriate with stay of discovery which may not be necessary), *quoted in Cajan Offshore*, 2010 WL 2160292, at *2. The JPML made this point about motions to remand in a 2003 letter to a district court, advising the judge "[i]f you have a motion pending before you in the action—particularly a motion to remand to state court (if the action was removed to your court)— you are encouraged to rule on the motion unless you conclude that the motion raises issues likely to arise in other actions in the transferee court, should we order transfer, and would best be decided there." *Tenn. Consol. Ret. Sys. v. Citigroup, Inc.*, 2003 WL 22190841, at *2 (M.D. Tenn. 2003).

Generally, other district courts also favor staying an action pending a decision on a motion to transfer before the JPML when motions to remand present issues likely to be addressed by the MDL court. Plaintiffs rely heavily on language from *Craft v. United Ins. Co. of Am.*, Civ.A.No. 4:01CV339LN, 2002 WL 32509283, at *1 (S.D. Miss. Jan. 17, 2002), observing that, in "the majority" of cases, district courts do not wait until the resolution of a motion to transfer before taking up

---

[2] Defendants have collected some four pages of citations to cases in which a stay has been granted. *See* Defs.' Mot. for Stay 8-12, *Esquivel*, No. 1:10-CV-227, ECF No. 7. Many other judges in this District have granted stays pending a ruling of the JPML on their motion to consolidate. *E.g.*, Ct. Order Granting Mot. for Stay of Proceedings, *Amelia Mai v. BP PLC*, No. 4:10-CV-02621, (S.D. Tex. Aug. 4, 2010).

motions to remand because a court which lacks jurisdiction does not have the power to enter the stay or transfer the case. However, the *Craft* court distinguished such cases from those in which "the remand issue was common to other cases that had been transferred to the MDL, and a stay was appropriate both to conserve judicial resources and to prevent inconsistent results." *Id.* at *2 (citations omitted). It then cited a number of cases in which district courts concluded that a motion to remand presented a jurisdictional or class action issue likely to be considered by the MDL if the motion to transfer was granted. *See, e.g., Weinke v. Microsoft Corp.*, 84 F. Supp. 2d 989, 990 (E.D. Wis. 2000) (staying proceedings when remand motions filed in 18 cases in MDL); *Falgoust v. Microsoft Corp.*, Civ.A. No. 00-0779, 2000 WL 462919 (E.D. La. Apr. 19, 2000) (staying when motion to remand raised jurisdictional issue common to cases in MDL court); *Boudreaux v. Metro. Life Ins. Co.*, Civ.A. No. 95-138, 1995 WL 83788 (E.D. La. Feb. 24, 1995) (staying proceedings when motion to remand presented statute of limitations issue that should have been decided by the MDL court).

A review of the dockets in this District reveals that the MDL court to which this case may be transferred will be presented with nearly the identical issue raised by the motions to remand in case numbers 1:10-CV-227, 1:10-CV-236, and 1:10-CV-237. In *M.P. Cheng, LLC v. BP Co. North America, Inc.*, No. 4:10-CV-2717 (S.D. Tex. Sept. 2, 2010), a removed action which has been transferred to the same MDL to which Defendants seek to transfer these cases, the plaintiffs included the same jurisdictional language in their complaint which is the subject of the instant motions to remand.[3] They also filed a nearly identical motion to remand. Pls.' Mot. to Remand, Civ.A.No. H:10-CV-2717, Aug. 27, 2010, ECF No. 7. However, that motion was filed after the case had been transferred to the MDL court. Additionally, Judge Atlas recently granted a stay in a case pending a motion to transfer to the same MDL despite the pendency of a motion to remand arguing that

---

[3] *Compare* Notice of Removal, Ex. A, at 2, *M.P. Cheng, LLC v. BP Co. N. Am., Inc.*, No. 4:10-CV-2717 (S.D. Tex. July 30, 2010), ECF No. 1 *with* Pls.' Mot. to Remand 2, 6, *Esquivel*, No. 1:10-CV-227, ECF No. 12; Pls.' Mot. to Remand 2, 6, *Alpasito*, No. 1:10-CV-236, ECF No. 8; Pls.' Mot. to Remand 2, 6, *Aguilar*, No 1:10-CV-237, ECF No. 8.

federal subject matter jurisdiction was lacking. *Nguyen v. BP Exploration & Prod., Inc.*, No. 4:10-CV-2484, 2010 WL 3169316 (S.D. Tex. Aug. 9, 2010); Pls.' Mot. to Remand 4, No. 4:10-CV-2484, July 19, 2010, ECF No. 6. It is thus manifest that the motions to remand in case numbers 1:10-CV-227, 1:10-CV-236, and 1:10-CV-237 raise issues that will be considered by the MDL court to which Defendants seek transfer of these cases. A stay would therefore further the twin aims of conserving judicial resources and preserving consistency. *See Craft*, 2002 WL 32509283, at *2.

Turning to the three motion-for-stay factors, Plaintiffs will likely suffer little prejudice from the approximately one-month delay that will result from staying this action until the JPML can decide the pending motion to transfer. *See Cajan Offshore*, 2010 WL 2160292, at *2 (finding similar delay non-prejudicial). The Plaintiffs' conclusory allegations of prejudice resulting from speculation concerning the amount of time their claims will be pending before the MDL court do not suffice to show prejudice. *See Weinke*, 84 F. Supp. 2d at 990.

Meanwhile, Defendants will suffer some hardship and inequity if a stay is not granted. On the one hand, the deadline for filing a Joint Discovery/Case Management Plan in these cases has been set for December 30, 2010,[4] and the motion to transfer will likely be decided before that Plan is due. However, Defendants will have to expend resources responding to the motions to remand before the JPML rules on the motion to transfer this case. *See* Chambers Local Rules of Civil Procedure 5(D) (2010) (requiring response to opposed motions within 20 days). For the reasons already given, granting a stay will conserve judicial resources by preventing this Court from taking up an issue which is already pending before the MDL. *See generally supra*, at 6–7.

## IV. Conclusion

For the foregoing reasons, The Court **GRANTS** Defendants' Motion for Stay of Proceedings and Suspension of All Responsive Pleading and Answer Deadlines Pending Transfer by the Judicial Panel on Multidistrict Litigation. Defs.' Mot. for

---

[4] The order setting a deadline has been docketed as docket entry number two in case numbers 1:10-CV-227, 1:10-CV-236, and 1:10-CV-237.

Stay, *Esquivel*, No. 1:10-CV-227, ECF No. 7; Defs.' Mot. for Stay, *Alpasito*, No. 1:10-CV-236, ECF No. 9; Defs.' Mot for Stay, *Aguilar*, No. 1:10-CV-237, ECF No. 9. The Court **ORDERS** as follows:

1. Case numbers 1:10-CV-227, 1:10-CV-236, and 1:10-CV-237 in this Court are **STAYED** pending the resolution of the respective motions to transfer these actions by the Judicial Panel on Multidistrict Litigation in *In re. Oil Spill by the Oil Rig ("Deepwater Horizon") in the Gulf of Mexico, on April 20, 2010*, MDL-2179.

2. The parties must inform the Court within seven days of the resolution of the motions to transfer described in the previous paragraph; and

3. Case numbers 1:10-CV-227, 1:10-CV-236, and 1:10-CV-237 are administratively **CLOSED**.

DONE at Brownsville, Texas, on October 14, 2010.

Hilda G. Tagle
United States District Judge